# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| JACQUELINE T. BUTLER, ) | |
| ) | |
| Plaintiff, ) | Case No.: 3:08-03894-CMC-PJG |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| SINAI HOSPITAL, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant Sinai Hospital's motion to dismiss for lack of personal jurisdiction.[1] Defendant, a hospital located in Baltimore, Maryland, asserts that it has no presence in the State of South Carolina and otherwise lacks the sort of contacts which might support the assertion of jurisdiction over it. Defendant notes, in particular, that Plaintiff's claims arose out of her employment as a medical resident at Children's Hospital in Baltimore, Maryland and that all actions relevant to her claims occurred in that state.

In her responsive memorandum, Plaintiff concedes that this court lacks personal jurisdiction over Defendant but asks the court to transfer the action to the District of Maryland rather than dismissing the action. In support of this request, Plaintiff, who is proceeding *pro se*, notes two significant factors: (1) she lacks legal knowledge and training; and (2) her claim under Title VII of the Civil Rights Act of of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), will be time

---

[1] This matter was initially assigned to a magistrate judge for pretrial proceedings pursuant to Local Civil Rule 73.02(B)(2)(e) and (g). The undersigned has elected to withdraw the reference in this matter and resolve the motion without a report and recommendation.

barred if this action is dismissed. Thus, dismissal of the present action will, for all practical purposes, be a dismissal with prejudice of Plaintiff's Title VII claim.[2]

In its reply, Defendant concedes that transfer is an available alternative to dismissal but argues that transfer would not be an appropriate remedy in the present case. Defendant notes that Plaintiff has incurred no costs in pursuing the present action because she is proceeding *in forma pauperis*. By contrast, she has caused Defendant to incur unnecessary costs by filing this action in a district in which Defendant has no presence. Defendant also notes that Plaintiff was represented by counsel in one or more meetings with Defendant's representatives relating to the events at issue in this action. *See* Dkt. No. 24 at 1; Complaint ¶ 15 (referring to meetings between Plaintiff, her attorney, and Defendant's representatives in the spring of 2006). Based on this representation, Defendant suggests that Plaintiff had an opportunity to obtain legal guidance as to the requirements for the assertion of personal jurisdiction.[3]

In light of Plaintiff's concession, the court finds an absence of personal jurisdiction. The court has considered transfer as an alternative but would consider this option only with payment of Defendant's legal costs and fees in defending this action to the point of transfer given the total absence of any reasonable basis for pursing this action in this district.[4] Given Plaintiff's *in forma*

---

[2] Plaintiff has asserted two claims: one under Title VII and one under the Americans with Disabilities Act. The latter is based on allegations of a perceived disability.

[3] There is nothing in the record to suggest whether Plaintiff sought or received advice as to jurisdictional issues. This information would be within Plaintiff's knowledge and control.

[4] All actions relevant to the present dispute occurred in the District of Maryland. Plaintiff also had legal representation relative to this dispute within that District. Given that the dispute involves Plaintiff's medical residency, the court must assume that Plaintiff is sufficiently intelligent and well educated to anticipate possible negative consequences of pursuit of this action in a forum where Defendant had no presence. Plaintiff has offered no evidence to suggest any contrary understanding.

*pauperis* status, this option is not available. The court, therefore, concludes that dismissal without prejudice is the proper remedy. If the timing of the dismissal has the effect of barring some or all of Plaintiff's claims, that injury is the result of Plaintiff's own strategic decision to pursue the action in a forum of her own convenience, rather than one with an arguable basis for asserting jurisdiction over the Defendant.

For the reasons set forth above, this matter is dismissed without prejudice.

IT IS SO ORDERED.

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 20, 2009